## INDIANOLA COAL CO. v. HEINER, Collector of Internal Revenue.

### SAME v. LEWELLYN.

District Court, W. D. Pennsylvania.
February 14, 1928.

Nos. 3072, 3073.

Internal revenue ⬅9(23)—Mining corporation, holding for sale undeveloped coal lands, holding corporate elections, etc., loaning money, paying taxes, etc., held "engaged in business," and liable for excise tax (Revenue Acts 1918, 1921, § 1000 [Comp. St. § 5980n]).

Corporation organized for the purpose of mining and selling coal and other minerals, which acquired and held for sale approximately 5,000 acres of undeveloped coal land, which maintained corporate existence, holding corporate elections, etc., loaned money and received interest on loans made, borrowed money and paid interest thereon, paid taxes and legal expenses, sold securities and bonds held by it, and bought other lands, was ."engaged in business," and liable for capital stock excise tax under Revenue Acts 1918 and 1921, § 1000 (Comp. St. § 5980n), and could not recover taxes paid.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Engage.]

At Law. Actions by the Indianola Coal Company against D. B. Heiner, Collector of Internal Revenue of the Twenty-Third District of Pennsylvania, and against C. G. Lewellyn, formerly Collector of Internal Revenue, which actions were tried together. Judgment for defendant.

Smith, Shaw & McClay, of Pittsburgh, Pa., for plaintiff.

J. D. Meyer, U. S. Atty., of Pittsburgh, Pa., and C. M. Charest and L. H. Baylies, of the Bureau of Internal Revenue, both of Washington, D. C., for defendants.

SCHOONMAKER, District Judge. This action, and that of Indianola Coal Co. v. C. G. Lewellyn, formerly Collector, No. 3073, were tried together. A jury trial was waived in both cases, and the cases were heard before the court without a jury.

Both actions seek to recover capital stock excise tax alleged to have been erroneously collected under the provisions of section 1000 of the Revenue Acts of 1918 and 1921 (Comp. St. § 5980n). The same essential facts prevail throughout the taxable periods covered by each case. We therefore shall make but one finding of facts, which will be applicable to both cases.

From the pleadings and the evidence in these cases we find the following facts:

The plaintiff paid to D. B. Heiner, collector of internal revenue, the sum of $3,512 capital stock taxes, under the provisions of the Revenue Act of 1918, for the taxable year ending June 30, 1921. Under the provisions of the Revenue Acts of 1918 and 1921, the plaintiff paid to C. G. Lewellyn, the former collector, $6,838 as capital stock taxes for the taxable years ending June 30, 1922, and June 30, 1923. Due application was made to the Commissioner of Internal Revenue for refundment of these taxes, which refundment was refused.

The plaintiff corporation was incorporated in 1906 under the laws of the state of Pennsylvania, with power to engage in "mining and producing coal and other minerals, the transportation to market and sale thereof in crude or manufactured form." Shortly after incorporation the plaintiff acquired a large acreage of undeveloped coal lands. A part of these lands was sold in the year 1917, and the remainder, approximately 5,-000 acres, has since been held for sale or development. The plaintiff has never engaged in mining operations. In its 1921 capital stock tax return the company stated that it was engaged "in mining coal and dealing in coal properties." In its 1922 and 1923 capital stock tax returns its business is described as "buying and selling coal lands." Its entire capital stock is held by the Harmar Coal Company, a Pennsylvania corporation, whose capital stock is, in turn, held by the Bessemer Coal & Coke Company, also a Pennsylvania corporation.

The business activities of the plaintiff, from July 1, 1919, to June 30, 1923, can be generally classified as follows: (1) Maintained corporate existence, holding corporate elections, etc. (2) Held for sale or development approximately 5,000 acres of coal lands. (3) Loaned money and received interest on loans made, borrowed money, and paid interest thereon. (4) Paid taxes and legal expenses. (5) Sold securities and bonds held by it. (6) Bought in 1919 coal lands, one parcel for $10,321.20, and another for $128.-70. (7) In 1920 bought a parcel of land for $530.

### Conclusions of Law.

Under this state of facts, we conclude that the plaintiff was engaged in business within the meaning of the taxing statutes dur-

ing the whole period covered by these two actions, and may not recover back these taxes paid by it. We make this finding for the reasons stated in an opinion this day filed in the case of Harmar Coal Co. v. D. B. Heiner, at No. 3071 Law, 26 F.(2d) 729.

An order may be submitted for the entry of judgment in these two cases in favor of the defendant.